UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIA ELIZABETH SCHEIBLE, )<br>   *Plaintiff*, )<br> )<br>   *vs.* )<br> )<br>QUANTUM3 GROUP, LLC, & GALAXY PORT- )<br>FOLIOS, LLC, )<br>   *Defendants*. ) | 1:15-cv-487-JMS-DML |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Julia Elizabeth Scheible brings this action under the Fair Debt Collections Practices Act ("FDCPA") against Defendants Galaxy Portfolios, LLC ("Galaxy"), and Quantum3 Group, LLC ("Quantum") (collectively, "Defendants"). [Filing No. 1.] Ms. Scheible alleges that Defendants violated the FDCPA by filing a proof of claim in her Chapter 13 bankruptcy proceeding regarding time-barred debt, which is debt on which the statute of limitations had already run. Ms. Scheible objected to Defendants' time-barred proof of claim, and the bankruptcy court sustained the objection. Ms. Scheible then filed this civil suit against Defendants, alleging that they violated the FDCPA by filing the proof of claim on time-barred debt and not being licensed as debt collectors in Indiana.

Presently pending before the Court is Defendants' Motion to Dismiss Ms. Scheible's claims. [Filing No. 16.] Defendants argue that Ms. Scheible's claims fail as a matter of law. Ms. Scheible opposes Defendants' motion. [Filing No. 23.] For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss. [Filing No. 16.]

- 2 -

# I.
## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

# II.
## BACKGROUND

Ms. Scheible's Complaint makes the following allegations, which the Court accepts as true for purposes of resolving the pending motion.

Ms. Scheible experienced financial difficulties in 2013 and stopped paying some of her unsecured debts, including one that she allegedly owed to Galaxy. [Filing No. 1 at 3.] On February 17, 2014, Ms. Scheible filed a Chapter 13 bankruptcy petition in the United States Bankruptcy

Court for the Southern District of Indiana. [Filing No. 1 at 3; *In re Scheible*, No. 14-0917-RLM-13.] Ms. Scheible was represented by counsel in her bankruptcy proceeding. [Filing No. 1 at 3.]

On March 26, 2014, Galaxy, via its agent Quantum, filed a proof of claim in the amount of $710.25 (the "Proof of Claim") in Ms. Scheible in the bankruptcy proceeding. [Filing No. 1 at 3; Filing No. 1-1.] The Proof of Claim noted that Ms. Scheible's last transaction date on the account at issue was July 27, 2004. [Filing No. 1-1 at 4.] The Proof of Claim was served on the bankruptcy trustee assigned to Ms. Scheible's bankruptcy and on Ms. Scheible's attorney. [Filing No. 1-1 at 5.]

The statute of limitations in Indiana for collecting delinquent debts is six years from the date of the last activity. *See* Ind. Code § 34-11-2-9. On April 16, 2014, Ms. Scheible's bankruptcy counsel filed a written objection to the Proof of Claim, asserting that enforcement of that debt is barred by Indiana's statute of limitations. [Filing No. 1 at 3; Filing No. 1-2.] The bankruptcy court sustained that objection on May 22, 2014. [Filing No. 1-3.]

On March 24, 2015, Ms. Scheible filed a Complaint in this Court against Defendants, alleging that the Proof of Claim filed in her bankruptcy action violated the FDCPA. [Filing No. 1.] Ms. Scheible's Complaint references two sections of the FDCPA—15 U.S.C. § 1692e(5), which she contends "prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt," and 15 U.S.C. § 1692e, which she contends "prohibits debt collectors from using false representations and deceptive means to collect a debt." [Filing No. 1 at 4-5.] As support for her second claim, Ms. Scheible alleges that because Quantum and Galaxy are not authorized to collect debt in Indiana, filing the Proof of Claim violated the FDCPA. [Filing No. 1 at 5 (citing 15 U.S.C. § 1692e).] Ms. Scheible seeks actual damages, statutory damages,

costs, and reasonable attorney's fees as a result of Defendants' alleged violations. [Filing No. 1 at 5.]

## III.
### DISCUSSION

Ms. Scheible's Complaint asserts two FDCPA claims against Defendants. First, she claims that Defendants' Proof of Claim on time-barred debt in her Chapter 13 bankruptcy proceeding violated 15 U.S.C. § 1692e(5). [Filing No. 1 at 4.] Second, Ms. Scheible claims that Defendants violated 15 U.S.C § 1692e by filing the Proof of Claim when they were not licensed as debt collectors in Indiana. [Filing No. 1 at 5.] The Court will address Ms. Scheible's claims in turn.

### A. Time-Barred Proofs of Claim

In their motion to dismiss, Defendants argue that they did not violate the FDCPA by filing the Proof of Claim on time-barred debt in Ms. Scheible's bankruptcy proceeding. [Filing No. 17.] They contend that they did not take any action that they could not legally take and that the Proof of Claim was not false, deceptive, or misleading because it was a true representation of Ms. Scheible's debt and contained the charge-off date. [Filing No. 17 at 3-5.] Thus, Defendants ask the Court to dismiss Ms. Scheible's FDCPA claim to the extent it is based on them filing a Proof of Claim in her bankruptcy proceeding. [Filing No. 17 at 4.]

In response, Ms. Scheible opposes Defendants' request to dismiss her claim. [Filing No. 23.] She emphasizes that "nothing in the Bankruptcy Code entitles a creditor to file a proof of claim on a stale, unenforceable, and time-barred claim." [Filing No. 23 at 5.] She argues that filing a proof of claim on a time-barred debt is "inherently deceptive and misleading" and, thus, must violate the FDCPA. [Filing No. 23 at 7.]

In reply, Defendants emphasize this Court's previous rulings that filing a proof of claim on time-barred debt is not unlawful or misleading under the FDCPA. [Filing No. 26 at 2-3.]

The Court granted Ms. Scheible leave to file a surreply, [Filing No. 28], and in that brief she contends that Defendants "misconstrue the protections of the FDCPA[,]" [Filing No. 29 at 1]. She emphasizes that the FDCPA is a "strict liability statute" and that a debt collector can violate the law "simply by committing one of the prohibited acts, e.g., attempting to collect a time-barred debt." [Filing No. 29 at 1.]

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see* *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997) ("[The FDCPA] was designed to protect against the abusive debt collection practices likely to disrupt a debtor's life."). Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA sets forth non-exhaustive examples of conduct that violates this prohibition, such as "[t]he threat to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5).

"The courts have ruled that the [FDCPA] is intended for the protection of unsophisticated consumers . . . , so that in deciding whether for example a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). However, communications to a consumer's lawyer are judged by a different standard: a communication "that would be unlikely to deceive a competent lawyer . . . [is] not . . . actionable." *Id.*

Earlier this year, this Court issued two decisions concluding that under the circumstances presented in those cases, the defendants at issue had not violated the FDCPA as a matter of law by filing time-barred proofs of claim in bankruptcy proceedings. *Birtchman v. LVNV Funding, LLC,*

2015 WL 1825970 (S.D. Ind. 2015), *pending on appeal*; Owens v. LVNV Funding, LLC, 2015 WL 1826005 (S.D. Ind. 2015), *pending on appeal*. In so holding, the Court noted that the Seventh Circuit had not yet decided whether filing a time-barred proof of claim in a bankruptcy proceeding violates the FDCPA. That remains true to date. *See, e.g.*, In re Edwards, 2015 WL 5830823, at *3 (Bankr. N.D. Ill. Oct. 6, 2015) ("The Seventh Circuit has not yet addressed the issue in this case: whether filing a proof of claim in bankruptcy to collect on an unenforceable debt violates the FDCPA.").

The Court concludes that the material allegations of Ms. Scheible's FDCPA claim regarding Defendants' Proof of Claim on time-barred debt are the same as those that the Court addressed in *Birtchman* and *Owens*. Specifically, Ms. Scheible fails to point to incorrect information in Defendants' Proof of Claim; the Proof of Claim set forth the debt's charge off date, which was more than six years before it was filed; Ms. Scheible was represented by counsel in her bankruptcy proceeding; and her counsel's objection to the Proof of Claim was sustained. As the Court held in *Birtchman* and *Owens*, an FDCPA claim under these circumstances is not viable. Birtchman, 2015 WL 1825970 at *6-*9; Owens, 2015 WL 1826005 at *6-*9. While the Court's full analysis is set forth in its prior decisions, in sum, the Court reached its conclusion for the following reasons:

·   The Bankruptcy Code itself contemplates filing a proof of claim and implicitly recognizes that proofs of claim regarding time-barred debts may be filed by providing debtors with an affirmative defense to such claims. *See* 11 U.S.C. § 501(a); 11 U.S.C. § 502(b)(1).

·   A proof of claim that provides the debtor and counsel with the information necessary to determine whether the debt is time-barred precludes it from being unfair or deceptive in violation of the FDCPA. *See, e.g.*, Donaldson v. LVNV Funding, LLC, 97 F. Supp. 3d 1033 (S.D. Ind. 2015) ("A factual, true statement about the existence of a debt and the amount

. . . is neither false nor deceptive."); *see also Robinson v. eCast Settlement Corp.*, 2015 WL 494626, at *3 (N.D. Ill. 2015) ("Seeking repayment of a time-barred debt is not automatically improper, and a proof of claim submitted on a court-approved form . . . is a neutral statement that a debt existed at a certain time and is now owned by the claimant.") (citation omitted), *pending on appeal*.

- In *Phillips*, the Seventh Circuit Court of Appeals held that a creditor filing a state court action against a debtor to collect a time-barred debt violated the FDCPA. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). It later made clear, however, that it has "not h[e]ld that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). Instead, a violation of the FDCPA exists only if a debt collector uses language "that would mislead an unsophisticated consumer into believing that the debt is legally enforceable." *Id.* (referencing *Phillips*, 736 F.3d at 1079).

- This Court distinguished the creditor-initiated civil action at issue in *Phillips* from the proofs of claim on time-barred debt at issue in *Birtchman* and *Owens* because those cases stemmed from a debtor-initiated bankruptcy proceeding in which the debtor was represented by counsel. Even if the debtor had not been represented, however, a bankruptcy trustee is appointed in each Chapter 13 proceeding and has a statutory obligation to object to improper claims. *See* 11 U.S.C. § 1302(a). Because the rationale in *Phillips* did not apply to the bankruptcy context, this Court saw no reason to extend the *Phillips* holding to *Birtchman* and *Owens*.

*Birtchman*, 2015 WL 1825970 at \*6-\*9; *Owens*, 2015 WL 1826005 at \*6-\*9.

Because the material facts of Ms. Scheible's FDCPA claim regarding Defendants' Proof of Claim on time-barred debt are the same as those presented in *Birtchman* and *Owens*, the Court concludes that for the reasons set forth in those decisions, Ms. Scheible has not presented a viable FDCPA claim. Thus, Defendants' motion to dismiss her first FDCPA claim is granted.

### B. Licensure Requirement

Ms. Scheible makes a second FDCPA claim that was not present in *Birtchman* and *Owens*. Specifically, Ms. Scheible alleges that Defendants violated the FDCPA by not being licensed as debt collectors in Indiana when filing the Proof of Claim. [Filing No. 1 at 5; Filing No. 17 at 6-7.] She contends this violated the provision of the FDCPA that prevents a debt collector from using any false, deceptive, or misleading representations to collect a debt. [Filing No. 1 at 5 (citing 15 U.S.C. § 1692e).]

Defendants move to dismiss Ms. Scheible's FDCPA claim regarding their licensure as a debt collector, contending that they did not need to be licensed to file a Proof of Claim. [Filing No. 17 at 6-8.] They emphasize an Indiana statute that they contend exempts licensure for a foreign corporation collecting debt. [Filing No. 17 at 6 (citing Ind. Code § 23-1-49-1).]

In response, Ms. Scheible contends that the Indiana Collection Agency Act required Defendants to be licensed. [Filing No. 23 at 8 (citing Ind. Code § 25-11-1-1; Ind. Code § 25-11-1-7).] Ms. Scheible does not analyze these statutes but simply asserts in conclusory fashion that "there is no question that Defendants engaged in unlawful activity when they attempted to collect debts in Indiana when they were not licensed to do so." [Filing No. 23 at 8.]

In reply, Defendants dispute Ms. Scheible's contention that they had to be licensed as collection agencies in Indiana to file the time-barred proof of claim, emphasizing that there "is no

requirement in the Bankruptcy Code for a creditor or its authorized agent to comply with state licensing requirements prior to filing proofs of claim." [Filing No. 26 at 5.] Defendants emphasize a recent decision from a Florida district court holding that "every creditor with a valid enforceable debt has the right to file a proof of claim in a bankruptcy case, regardless of whether that creditor is licensed under state law." [Filing No. 26 at 5-6 (citing *Townsend v. Quantum3 Group, LLC,* 535 B.R. 415, 429 (M.D. Fla. 2015)).] Defendants further contend that even if they should have been licensed, they did not violate the FDCPA by filing the proof of claim at issue because that statute prohibits the "threat" of illegal action, not the actual taking of it, and Defendants did not represent that they were licensed. [Filing No. 26 at 7-8.] Finally, Defendants claim that even if they did violate the Indiana license statute, only the Secretary of State has standing to bring a claim for an alleged violation. [Filing No. 26 at 9 (citing Ind. Code § 25-11-1-15).]

    In her surreply, Ms. Scheible distinguishes the *Townsend* case on which Defendants rely for their argument that they need not be licensed because the proof of claim at issue in that case did not involve time-barred debt. [Filing No. 29 at 3.] Ms. Scheible, again in conclusory fashion, asserts that it "strains credulity to believe that the FDCPA, a law designed to protect consumers from abusive and deceptive debt collection practices by debt collectors, would prohibit threats of illegal action but not the illegal actions themselves." [Filing No. 29 at 4.]

    The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Ms. Scheible does not cite a single case in which a court has held that an out-of-state creditor that is not registered as a debt collector in the state where the debtor files for bankruptcy violates the FDCPA by filing a proof of claim. Defendants, however, cite *Townsend v. Quantum3 Group,*

*LLC*, 535 B.R. 415 (M.D. Fla. 2015), as support for their position, and this Court agrees with the following analysis from that case.

*Townsend* recognized that "[t]he filing of a proof of claim is a right within the Bankruptcy Code." *Id.* at 430 (citing Fed. R. Bank. 3001). The "Bankruptcy Code specifies comprehensive and detailed procedures for the filing and consideration of creditors' claims and disputes over claims," but it does not "contain a limitation on a creditor's right to file a proof of claim, aside from the fact that the creditor have the capacity to sue and be sued." *Townsend*, 535 B.R. at 430 (citing Fed. R. Bank. P. 7017 (incorporating Fed. R. Civ. Pro. 17)). This is because bankruptcy law is also "for the benefit of creditors" and "gives them a single forum where debts and priorities can be determined in an orderly manner, a forum where those debts can be collected in whole or (more likely) in part." *Townsend*, 535 B.R. at 430 (citation omitted). But a creditor "has no ability to choose the court in which the claim will be asserted—it must be filed in the court in which the debtor's bankruptcy case is pending." *Id.* (citation omitted). Allowing a creditor to assert its claim despite not being licensed in the state where the bankruptcy proceeding is pending is also for the benefit of the debtor because it "promotes the jurisdiction of the bankruptcy court to adjudicate all claims against the debtor's bankruptcy estate." *Id.* (citation omitted). Thus, *Townsend* concluded that pursuant to the Bankruptcy Code, a creditor need not be licensed under applicable state law to file a proof of claim in the debtor's bankruptcy proceeding.[1] *Id.* at 431.

---

[1] *Townsend* and other Eleventh Circuit district court cases that follow it found an "irreconcilable conflict" between the Bankruptcy Code and the FDCPA, relying in part on binding precedent from the Eleventh Circuit Court of Appeals concluding that filing a proof of claim on a time-barred debt could violate the FDCPA. *See, e.g.*, *Johnson v. Midland Funding, LLC*, 528 B.R. 462, 473 (S.D. Ala. 2015) ("Here, as long as state law preserves a right to payment after the limitations period expires, the [Bankruptcy] Code authorizes filing a proof of claim on a debt known to be stale, while the [FDCPA] (as construed by *Crawford*) prohibits that precise practice.") (referencing *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014)). Because this Court is not bound by *Crawford* and disagrees with its conclusion for the reasons detailed in *Birtchman* and

Although the parties in this case dispute the applicability of various Indiana statutes that may have required Defendants to register as collection agencies in certain contexts, the Court concludes that those statutes are inapplicable because it is undisputed that the events on which Ms. Scheible bases this FDCPA claim occurred solely within the context of the bankruptcy proceeding that she initiated. This Court agrees with *Townsend* that because the Bankruptcy Code contains no licensure requirement for filing a proof of claim, a creditor does not violate 15 U.S.C. § 1692e of the FDCPA only by filing a proof of claim without being licensed pursuant to state law.[2] Ms. Scheible does not base her second FDCPA claim on any alleged misrepresentation other than Defendants' failure to be registered in Indiana. [Filing No. 1 at 5; Filing No. 23 at 8.] Therefore, the Court grants Defendants' motion to dismiss this FDCPA claim as a matter of law.

### IV.
#### CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss Ms. Scheible's FDCPA claims as a matter of law. [Filing No. 16.] Final judgment shall enter accordingly.

Date: 11/6/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

*Owens*, this Court finds no irreconcilable conflict between the Bankruptcy Code and the FDCPA. To the extent that one exists, however, the Court agrees with the Eleventh Circuit district court cases that the Bankruptcy Code trumps the FDCPA. *See, e.g.*, *Johnson*, 528 B.R. at 473. Thus, Ms. Scheible's FDCPA claim based on licensure still fails as a matter of law.

[2] The Court rejects Ms. Scheible's attempt to distinguish *Townsend* because the proof of claim at issue therein did not involve a time-barred debt. [Filing No. 29 at 3.] As this Court noted in analyzing Ms. Scheible's first claim, the Bankruptcy Code itself contemplates filing a proof of claim and implicitly recognizes that proofs of claim regarding time-barred debts may be filed by providing debtors with an affirmative defense to such claims. See 11 U.S.C. § 501(a); 11 U.S.C. § 502(b)(1).

**Distribution via ECF only:**

Thomas G. Bradburn
tbradburn@bradburnlaw.com

Karen Lynn Lobring
lobring@msn.com